## ESTATE OF JAMES M. BURKE, DECEASED.

### APPEAL BY EDW. MCGOVERN FROM THE ORPHANS' COURT OF LANCASTER COUNTY.

Argued May 19, 1891—Decided October 5, 1891.

The Orphans' Court cannot be expected to notice exceptions to the findings of fact of an auditor, where the errors alleged are not clearly and distinctly specified; and a decree confirming the report, in such case, will be affirmed.

Before STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 24 January Term 1891, Sup. Ct.; court below, number and term not shown.

Statement of Facts.

J. L. Steinmetz and Mortimer Malone, executors of the will of James M. Burke, deceased, settled an account which was referred to *Mr. Simon P. Eby*, as auditor for distribution.

On June 22, 1889, the auditor filed a report from which it appeared that Edward McGovern had made claim for one half of certain commissions, received by James M. Burke in the settlement of the accounts of a trust-estate created by the will of Michael Malone, deceased, of which Edward McGovern and James M. Burke were co-trustees. The claim was resisted on two grounds: (1) That the claimant was not entitled to share in the commissions; and (2) that, if entitled, he had received full satisfaction for the same after the death of Mr. Burke. The auditor found that the claimant was entitled to $163.92, as his share of the commissions received by Mr. Burke, "but that his claim must be considered as fully settled since the death of his co-trustee, and that he is not now entitled to receive anything more out of James M. Burke's estate. If we are wrong in our conclusions, the court will correct us."

To a distribution reported in accordance with the auditor's findings, the claimant filed exceptions alleging that the auditor erred:

1. "In not awarding to Edward McGovern, co-trustee with James M. Burke in the trust-estate under the will of Michael Malone, deceased, the sum of $146.97, the one half of the commissions claimed and received by said James M. Burke in his account on said trust-estate, confirmed September 15, 1884, together with interest thereon from that date to the date of filing the report; and also, the sum of $121, the one half of the commissions claimed, and allowed, and received by him on his account on said trust-estate, confirmed April 1, 1887, with interest from that date to the filing of the report.[3]

2. "In not awarding any part of said commissions to the said Edward McGovern."[4]

3. "In receiving and considering a receipt given by said McGovern to the executors of said James M. Burke, deceased, January 15, 1887, for the securities belonging to said trust-estate, as the same was given to the auditor after the hearings, the evidence, and the arguments in reference to the claim of said E. McGovern had been closed, and the audit finally adjourned."

Said exceptions having been argued before the court in banc, the following opinion was filed, PATTERSON, J.:

We will consider exceptions 1 and 2 together.

It is difficult to determine what the auditor intended from the report. The auditor asks, "Is the claim (referring to Mc-Govern's claim for commissions) properly before the auditor?" He then argues the law supporting the right of a co-executor to one half of the commissions, and concludes by saying that an action at common law is the remedy, which opinion we concur in; but he does not answer positively his own question, viz., "*Is* the claim (of Mr. McGovern) properly before the auditor?" The auditor does say in his report, that by his calculation Mr. McGovern "would be entitled to $163.93, if he has not already settled and been paid for his claim since the death of his co-trustee, as is alleged in the second part of the defence." The auditor then proceeds to speak of the second branch of the defence, defending against Mr. McGovern's claim. He then refers to an alleged agreement of settlement in regard to the commissions, and finds from the testimony that it was expressly agreed between them, viz., Messrs. Steinmetz and Malone, executors of James M. Burke, and Col. McGovern, when they three were together, at or about the time when the securities of the trust-estate were handed over, that Col. McGovern should have the commissions on the uncollected interest and incomes, and that Burke's estate should have the commissions on the interest and incomes collected. The auditor's *finding* is that the agreement aforesaid is proved, and therefore he is of the opinion that "Col. Mc-Govern was entitled to share in the commissions to the extent above stated, but that his claim must be considered as fully settled since the death of his co-trustee, and that he is not entitled to receive anything more out of James M. Burke's estate." The finding of the auditor being a finding of a fact from the evidence, the court is not able to say that such finding is clearly wrong, and must therefore permit the decision of the auditor to stand. The court must therefore overrule and dismiss the first, second and third exceptions filed by counsel for Mr. McGovern.

The report is now ordered confirmed absolutely.

—Thereupon the claimant took this appeal, specifying that the court erred:

1. In not sustaining the claimant's exceptions.
2. In confirming the report of the auditor.
3. In dismissing the claimant's first exception.[3]
4. In dismissing the claimant's second exception.[4]

*Mr. George Nauman* (with him *Mr. Emlen Franklin*), for the appellant.

*Mr. John E. Malone* and *Mr. J. L. Steinmetz*, for the appellees.

Counsel cited: Bedell's App., 87 Pa. 510; Adams's App., 47 Pa. 94; Walker's Est., 9 S. & R. 223; Davis's Est., 1 Phila. 360; Wickersham's App., 64 Pa. 67.

OPINION, MR. JUSTICE STERRETT:

Appellant presented to the auditor, appointed to distribute the balance in the hands of James M. Burke's executors, a claim for his share of certain commissions, mentioned in the third specification of error and fully explained in the learned auditor's report. It appears that said Burke and he were co-trustees in a trust under the will of Michael Malone, and that Burke received and retained the commissions, one half of which was claimed by appellant. The claim was resisted by the appellees, on the grounds (1) that appellant was not entitled to share in the commissions, because the work connected with the execution of the trust was done by Burke alone; and (2) that, if entitled to any portion of the commissions, appellant had settled with the executors, and received full satisfaction therefor since the decease of his co-trustee.

As to the first ground of defence, the learned auditor, after reviewing the evidence, says: " A great mass of testimony was taken on this point; on the one side, to prove that Mr. Burke did all the work of the trust, and on the other, that Col. McGovern did his part, at least so far as Mr Burke gave him a chance;" and then substantially finds "that, after the trust-estate had been placed in running order, the practical work was done by Mr. Burke" and his attorney, but. that, in view of appellant's responsibility, as co-trustee, and services rendered by him, he would be entitled to $163.92, if he has not already settled with the executors of Burke. After considering the

evidence bearing on the question of the alleged settlement, the auditor states his conclusion thus : " The auditor is therefore of opinion that Col. McGovern was entitled to share in the commissions to the extent above stated, but that his claim must be considered as fully settled since the death of his co-trustee, and that he is not now entitled to receive anything more out of James M. Burke's estate. If we are wrong in our conclusions, the court will correct us."

Three exceptions were filed by appellant, each of which was dismissed, and the report was confirmed by the court absolutely. Two of these exceptions are fully recited in the third and fourth specifications, respectively. The third has not been pressed. In neither of them is the correctness of the auditor's findings or conclusions of fact distinctly questioned. Whenever it is intended to allege error, either in the findings of fact or in the conclusions drawn therefrom, such error should be clearly and distinctly specified. If that is not done, the court cannot be expected to notice them. In this case, however, the matters intended to be complained of were considered by the Orphans' Court, and the conclusions of the auditor approved. We are not convinced that there was any error therein ; on the contrary, we think the findings and conclusions of the auditor were warranted by the evidence before him. There appears to be nothing in the record that calls for a reversal or modification of the decree.

Decree affirmed, and appeal dismissed at the costs of appellant.